C. I. T. CORPORATION, Plaintiff, *v.* REVOIR MOTORS, INC., Defendant*.

Supreme Court, Special Term, New York County, April 26, 1939.

* Revd. 257 App. Div. 385.

*Joseph G. Myerson,* for the plaintiff.

*John J. Mahon,* for the defendant.

WASSERVOGEL, J. Between November, 1936, and February, 1937, Airflow Taxi Corporation purchased ten taxicabs from defendant. Each was covered by a separate conditional sale contract and note and each of these was, at or about the time of execution of the contracts and notes, sold by defendant to plaintiff under the terms of an agreement referred to as the " retail protection agreement " (Exhibit " A," annexed to the complaint), which provided that paper covering cars used for taxi service should bear the full recourse indorsement of defendant. Thereafter the Airflow Taxi Corporation had difficulty meeting its payments, and with the consent of defendant an extension of time of such payments was granted to it by plaintiff.

On or about April 25, 1938, because of the continued default of the Airflow Taxi Corporation, plaintiff resumed possession of the automobiles. The defense in this case rests upon what happened after the retaking. It is defendant's claim that it was incumbent upon plaintiff to conduct a public sale of the automobiles after the retaking and that plaintiff's failure to conduct such sale operated as a discharge of the Airflow Taxi Corporation as maker of the notes and the liability of the defendant as indorser thereof.

Pursuant to the provisions of section 79 of the Personal Property Law, where the conditional vendee has paid more than fifty per cent of the purchase price at the time of the retaking, the vendor is required to sell the property at public auction if he wishes to preserve the right to maintain a deficiency action against the vendee. It is the declared public policy of the State by this statute to protect a conditional vendee against unconscionable contracts whereby substantial deficiency claims may be made against him, and, in furtherance of this declared public policy, section 80-f of the Per-

sonal Property Law provides: " No act or agreement of the buyer before or at the time of the making of the contract nor any agreement or statement by the buyer in such contract, shall constitute a valid waiver of * * * section seventy-nine."

After the default and repossession the conditional vendee, Airflow Taxi Corporation, and plaintiff entered into an agreement as to each of the ten automobiles, which provided:

" To C. I. T. CORPORATION:

" I have defaulted in payment of the balance of $     due on the purchase of Terraplane sedan serial #     purchased from Revoir Motors, Inc. (dealer), note and lien instrument covering which are now held by you.

" Believing that you are in a better position to sell this property advantageously and in order to reduce as far as possible my liability for a deficiency after resale, and in further consideration of your undertaking to sell same at private sale, I hereby request and authorize you to sell said chattel now in your possession at private sale and to apply the net proceeds of the sale against my said indebtedness. If the sale brings less than the amount due together with your expenses, I am to remain liable for the difference, but if it brings more than such amount you are to pay the excess to me.

" You are also authorized to cancel the insurance, if any, you originally placed on said chattel.

" AIRFLOW TAXI CORP.

" By NICHOLAS DE FRANCESCO, <i>Pres.</i>

" Dated <i>May</i> 9, 1938
" Account No."

It is defendant's contention that this agreement is violative of the provisions of section 80-f of the Personal Property Law hereinbefore referred to. I cannot agree with this contention. The agreement in effect constituted a new contract pursuant to which the parties thereto for a valid consideration adjusted their differences. It made unnecessary the holding of a public sale pursuant to the provisions of section 79 of the Personal Property Law and did not relieve the vendee of liability for a deficiency and the defendant from its liability as indorser of the notes sued upon.

Accordingly, defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted.

Settle order.